UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH LEE, on behalf of himself and all
others similarly situated,

Plaintiff,

-against-

THURSDAY BOOT COMPANY,

Defendant.

Case No. 1:25-cv-04393 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff Joseph Lee brings this action against Defendant Thursday Boot Company,

invoking the Court's subject matter jurisdiction under the Class Action Fairness Act of 2005.

*See* 28 U.S.C. § 1332(d).  Plaintiff alleges that he is a citizen of New Jersey.  *See* Dkt. 1

("Compl.") ¶ 7.  He alleges that Defendant Thursday Boot Company is headquartered in New

York.  *See id.* ¶ 8.  He does not allege whether Defendant Thursday Boot Company is a

corporation, limited liability company ("LLC"), or another form of corporate entity.

It is well established that a corporation, for diversity purposes, "is considered a citizen of

the state in which it is incorporated and the state of its principal place of business."  *Bayerische*

*Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (first citing 28 U.S.C.

§ 1332(c)(1); and then citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579,

581 (2d Cir. 2002)); *accord N47 Assocs. LLC v. Alba Servs. Inc.*, No. 21-cv-03490 (MKV), 2021

WL 2003126, at *2 (S.D.N.Y. May 19, 2021).  An LLC, by contrast, "takes the citizenship of

each of its members."  *Bayerische Landesbank*, 692 F.3d at 51-52 (citing *Handeslman v. Bedford*

*Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000)).

Plaintiff has not properly established even minimal diversity for this Court's jurisdiction

under CAFA.  Specifically, Plaintiff has not pleaded sufficient information to permit the Court to

determine Defendant's citizenship because he has failed to allege whether Defendant is a corporation, LLC, or some other form of corporate entity.  Moreover, even if Defendant is a corporation, the allegations do not establish Defendant's citizenship because Plaintiff has not pleaded where Defendant Thursday Boot Company is incorporated.  *See SBL Enters v. Keystone Cap. Corp.*, No. 21-cv-04459 (MKV), 2021 WL 2000365, at *3 (S.D.N.Y. May 19, 2021) (plaintiff failed to plead corporation's citizenship where plaintiff did not specify defendant corporation's state of incorporation); *Mazzeo v. Am. States Ins. Co.*, No. 14-cv-00361, 2014 WL 1154530, at *3 (D. Conn. Mar. 21, 2014) (noting that "if Defendant is a corporation, Plaintiff must state with specificity any state in which Defendant is incorporated as well as the State in which it has its principal place of business"); *Helmsley-Spear, Inc. v. Aetna Cas. & Sur. Co.*, No. 89-cv-02498 (SWK),1990 WL 106835, at *2 (S.D.N.Y. July 23, 1990) (plaintiffs did not adequately plead subject matter jurisdiction with regard to corporate defendant where they "fail[ed] to provide th[e c]ourt with information regarding the place of incorporation of [the corporate defendant]").

Accordingly, it is hereby ORDERED that, on or before **June 4, 2025**, the Plaintiff shall amend his Complaint to properly allege the citizenship of the Defendant.  If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege Defendant's citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

Dated:  May 28, 2025
        New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge